[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15400
_____

D.C. Docket No. 1:11-cv-00010-WLS

CORNELIUS B. FAISON,

Plaintiff-Appellee,

versus

DONALSONVILLE HOSPITAL INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Middle District of Georgia
_____

(August 22, 2013)

Before MARTIN and BLACK, Circuit Judges, and GOLDBERG,* Judge.

PER CURIAM:

_____

* Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

Cornelius Faison (Faison) sued Donalsonville Hospital, Inc. (the Hospital), pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), to recover insurance benefits the Hospital had denied as excluded from coverage. After a bench trial on the papers, the district court granted Faison's Motion for Entry of Judgment. After careful consideration of the record, and with the benefit of oral argument, we affirm.

I.

The Hospital has an Employee Benefit Plan, which includes health insurance coverage (the Plan). The Hospital is the Plan Administrator. According to the Plan, in this capacity, the Hospital has "maximum legal discretionary authority to construe and interpret the terms and provisions of the Plan, to make determinations regarding issues which relate to eligibility for benefits." Paragon Benefits, Inc. (Paragon) is a third-party administrator of the Plan. In this role, Paragon is responsible for receiving claims from covered individuals and making an initial claim determination.

When Paragon's initial benefits decision is appealed, the Hospital, as fiduciary of the Plan, reviews the determination, without giving Paragon's decision any deference. The Hospital's Benefits Committee (Committee) makes the final determination on appeals. The members of the Committee are Herman Brookins, Charles Orrick, and James Moody.

2

The Plan includes a number of exclusions.  As relevant to this case, the Plan excludes from coverage:

> (19) **Illegal acts**.  Charges for services received as a result of Injury or Sickness occurring directly or indirectly, as a result of a Serious Illegal Act, or a riot or public disturbance.  For purposes of this exclusion, the term "Serious Illegal Act" shall mean any act or series of acts that, if prosecuted as a criminal offense, a sentence to a term of imprisonment in excess of one year could be imposed.  It is not necessary that criminal charges be filed, or, if filed, that a conviction result, or that a sentence of imprisonment for a term in excess of one year be imposed for this exclusion to apply.  Proof beyond a reasonable doubt is not required.

The Hospital funds the Plan from its own revenue, plus a modest contribution from the employees.  The Hospital's annual funding for benefits provided by the Plan is approximately $2,300,000.00.  The funds are considered by Hospital management to be Hospital assets.  The Hospital purchases reinsurance for claims exceeding $50,000.

On July 26, 2009, Faison sustained serious injuries after he crashed his motorcycle into a tree while eluding a Georgia State Patrol Officer.  As a result of his accident, Faison was in the hospital for over a month and amassed over $480,000 in medical bills.

As a result of his conduct leading to the accident, Faison was charged with: (1) fleeing/attempting to elude; (2) speeding (120 plus); (3) failing to maintain lane; (4) driving with an expired tag; and (5) violating his permit.  Considering

each charge independently, none of the charges could result in a sentence to a term of imprisonment in excess of one year.  See O.C.G.A. § 17-10-3(a)(1) (misdemeanors punishable by maximum 12 months); O.C.G.A. §  40-6-1 (unless otherwise specified, it is a misdemeanor to do any act forbidden in this chapter); O.C.G.A. §§ 40-2-8 (expired tag), 40-5-30 (permit), 40-6-48 (failure to maintain lane), 40-6-181 (speeding), 40-6-395 (fleeing).  Faison pleaded guilty to each charge.  He was sentenced to 12 months of probation on each charge, to be served consecutively.

At this time, Faison was a plan participant of the Plan.  As required by the Plan, Faison submitted his claim to Paragon.  Paragon denied his request for coverage.  Faison appealed the denial to the Hospital.  The Hospital sent a letter to Faison on October 21, 2010, which explained that the Committee affirmed the denial of Faison's claim, based on the Illegal Acts exclusion in the Plan.

## II.

The parties consented to have the district court hear their case as a trial on the papers pursuant to Federal Rule of Civil Procedure 52.  In accordance with that rule, the district court issued an opinion explaining its findings of fact and conclusions of law separately.

"We review de novo a district court's ruling affirming or reversing a plan administrator's ERISA benefits decision, applying the same legal standards that

4

governed the district court's decision." Blankenship v. Metro Life. Ins. Co., 644 F.3d 1350, 1354 (11th Cir. 2011). "Review of the plan administrator's denial of benefits is limited to the material available to the administrator at the time it made its decision." Id. Blankenship sets forth a six-step test for reviewing a plan administrator's benefits decision. Id. at 1355.

"We review for clear error factual findings made by a district court after a bench trial." Morrissette-Brown v. Mobile Infirmary Med. Ctr., 506 F.3d 1317, 1319 (11th Cir. 2007). "A factual finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (quotation marks omitted).

After applying these legal standards and considering only those arguments that were actually made by the parties in the district court, see e.g., Depree v. Thomas, 946 F.2d 784, 793 (11th Cir. 1991) ("[A]n issue not raised in the district court and raised for the first time in an appeal will not be considered by this court."), we **AFFIRM.**

5